FREE JONES V. THE STATE.

*No. 3838.   Decided November 14..*

1.   **Alibi—Requested Instructions Refused.**—Where the main defense relied upon was *alibi*, and defendant's special requested instruction upon that defense was refused, to which refusal defendant reserved a bill of exceptions, *held*, reversible error.

2.   **Evidence—Opinion or Conclusion of Witness.**— Over objection of appellant, the officer who arrested him was permitted to testify that defendant undertook to come out on the gallery where he (the officer) was, and that he (the officer) had to threaten to shoot him to keep him (the defendant) from coming out.   *Held*, error, as being calculated to prejudice defendant; and further, that it was a statement simply of an opinion or conclusion of the witness.

APPEAL from the County Court of Kaufman.   Tried below before Hon. John Vesey.

Indictment and conviction for unlawfully carrying a pistol.

*J. D. Cunningham*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted for carrying a pistol, contrary to the provisions of the statute.   To meet the case made by the State, appellant introduced several witnesses, by whom he proved an *alibi*.   The court did not charge the law applicable to this defensive testimony.   The appellant prepared, and requested the court to give, an instruction on the law governing this state of case, which the court refused to do.   A proper bill of exceptions was reserved by

the appellant to this action of the court.   The court should have given the requested charge.   All the evidence introduced by appellant pertained alone to the *alibi* set up by him.   It was the only matter relied upon by him to meet the State's case, and he should have had the benefit of it through the charge asked.   Willson's Crim. Stats., sec. 2343.

Martin Haynie, the officer who arrested the appellant for the offense charged in the indictment, arrested him at his (appellant's) house the night the alleged offense must have been committed.   Over objection urged by appellant, Haynie was permitted to testify "that defendant undertook to come out on the gallery where he (Haynie) was, and that he had to threaten to shoot him to keep him (defendant) from coming out."   One of the grounds of objection urged to the introduction of this evidence was, that it was calculated to prejudice defendant in the minds of the jury.   We are of opinion that the objection was well taken, and should have been sustained and the evidence excluded. While facts, as regards flight and evasion of arrest, are admissible, yet a conclusion of the witness can not be evidence of either fact.   He should have stated the facts without his conclusion.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.